
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG<br>1657 The Fairway #131 Jenkintown, PA 19046<br><br>**Plaintiff,**<br>vs.<br><br>TRANSTECH MARKETING NETWORK LLC<br>12 PENNS TRAIL #490<br>NEWTOWN, PA 18940,<br><br>MOHAMMAD REHMANI<br>250 PLAZA BLVD,<br>MORRISVILLE, PA 19067,<br><br>SHERAZ KHALID<br>12 PENNS TRAIL #490<br>NEWTOWN, PA 18940,<br><br>and<br>DOES 1 through 100, inclusive,<br><br>**Defendants.** | Civil Action<br>No._____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing tortious activity of TRANSTECH MARKETING NETWORK LLC, ("TRANSTECH"), MOHAMMAD REHMANI, Individually and as Principal of TRANSTECH ("REHMANI"), SHERAZ KHALID, Individually and as Principal of TRANSTECH ("KHALID"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system, in violation of the Telephone Consumer

1

Protection Act, 47 U.S.C. § 227 *et seq.* and related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

## I.    Introduction

1. Defendant TRANSTECH MARKETING NETWORK LLC ("TRANSTECH" or "Company") is a company located and domestically incorporated in the Commonwealth of Pennsylvania. TRANSTECH markets, and sells, *inter alia,* alarm telemarketing services to individuals and businesses throughout Pennsylvania and other states in the US. Its registered agent address for service of process is located at 12 Penns Trail #490 NEWTOWN, PA 18940.

2. Plaintiff brings this action to challenge Company's practices in the telephone solicitation of their products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations by which they market their products and services, illegal Calls made using an automatic telephone dialing system and robocalls, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Bucks and Montgomery Counties, which lies within this judicial district, pursuant to 28 U.S.C. §118. Plaintiff received the phone calls to a 215-area code number, registered in this judicial district. Each of the Defendants has sufficient minimum

contacts with this District, and otherwise purposely avail themselves of the markets in this District. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

## II.  Parties

6. Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone calls on his private telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7. Defendant TRANSTECH MARKETING NETWORK LLC ("TRANSTECH") is a company located and domestically incorporated in the Commonwealth of Pennsylvania. TRANSTECH markets, and sells, *inter alia,* alarm telemarketing services to individuals and businesses throughout Pennsylvania and other states in the US. Its registered agent address for service of process is located at 12 Penns Trail #490 NEWTOWN, PA 18940.

8. Defendant MOHAMMAD REHMANI is an adult individual who is the Primary Owner of TRANSTECH. Upon information and belief, his birth year is 1972. As Principal of TRANSTECH, REHMANI is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, and nationwide.

9. Defendant SHERAZ KHALID is an adult individual who is a Principal of

TRANSTECH. As Principal of TRANSTECH, KHALID is an individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, and nationwide.

10. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

11. At all times herein mentioned, TRANSTECH, REHMANI, KHALID, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

13. At all times herein mentioned, Defendants conspired by means of mutual

understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

14. The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.

15. Under the TCPA, an individual such as REHMANI or KHALID may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217, the Communications Act of 1934, as amended, of which the TCPA is a part, which reads, *inter alia*: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

16. When considering individual officer liability, other Courts have agreed that a Corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See*, e.g*., Jackson v. Five Star Catering, Inc., v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013), which stated that "[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'" *See also Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011), stating that "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."

17.  REHMANI and KHALID are personally liable under the "participation theory" of

liability because they are the Principal owners and controlling principals of TRANSTECH, knew of Company's violations, and directed employees and/or agents of Company to continue making those violations, as well as made the violations themselves. Furthermore, REHMANI and KHALID are personally liable because they are personally responsible for ensuring Company's employees' TCPA compliance.

### III.     Factual Allegations

18. In or about August 15th, 2019, Plaintiff received the first of multiple calls made using an automatic telephone dialing system ("ATDS"), or robocall, by Defendants and/or their agents at Plaintiff's personal telephone number, 215-338-3458, for which he is charged for the call per minute. Plaintiff had not consented to this solicitation, and Plaintiff's telephone number was on the Federal Do-Not-Call Registry.

19. The first call came from the caller ID 213-358-4019.

20. Plaintiff answered the call in an effort to identify the caller. When Plaintiff answered the call, he heard silence, and an audible pause and click. A few seconds later, the line disconnected with a slight machine noise.

21. This call was placed using an Automatic Telephone Dialing System, or ATDS, also known as a predictive dialer. Often, ATDS systems misclassify the caller or do not detect the system has reached a live person, and so do not transfer the call to an agent and instead disconnect the call, usually with some machine noise as Plaintiff heard.

22. Plaintiff then received a call the next day from the same caller ID, 213-358-4019.

23. Plaintiff answered the call, heard silence, a distinctive click, a pause, and then heard a "balloon popping" sound before a live agent came on the line.

24. This sound, officially known as the "droplet" sound, is a telltale sound used by the

ViciDial predictive dialer and is a sound that is copyrighted by ViciDial and made a part of its operating system to indicate that the call was detected as a live person (and not a voicemail) and successfully connected to an agent at the other end.

25. During this call, Plaintiff spoke with "Mike" calling from "ADT Alarm System." Upon information and belief, "Mike" is an employee and/or agent of Defendant TRANSTECH based in a call center in either Pakistan or India.

26. After answering a few qualifying questions with "Mike", Plaintiff was transferred to Kris Black, an agent of SafeStreetsUSA, LLC, an ADT Authorized Dealer. Plaintiff completed the signup with Mr. Black in order to identify the caller and for no other reason.

27. Plaintiff then received a call, also on August 16, from the caller ID 215-647-9736.

28. Plaintiff answered the call, heard silence, a distinctive click, a pause, and then heard a "balloon popping" sound before a live agent came on the line.

29. Upon information and belief, the call was another one placed by Defendant TRANSTECH in an effort to get the referral credit for the transferred call. Upon information and belief, Defendant does not receive a referral commission unless a credit check is run on the customer. Because Plaintiff refused to have Mr. Black run a credit check, Defendant was upset they did not get the commission for the call and was calling to "resurrect" the sale.

30. Plaintiff e-mailed general counsel for Safe Streets and ADT on August 16 to ascertain the identity of the caller that originally placed the call to Plaintiff that was subsequently transferred to Safe Streets and ADT.

31. After conducting a diligent and thorough investigation, general counsel for Safe

7

Streets sent Plaintiff an e-mail on August 21 indicating that the calls on August 15 and 16 were originally placed by Defendant TRANSTECH and subsequently transferred to ADT and Safe Streets.

32. To the best of Plaintiff's knowledge, information, and belief, Plaintiff has never had any business relationship with Defendants.

33. Based on the the call and its scripted nature, it is clear that this message was sent *en masse* to thousands of persons on or about the same date and time that the plaintiff received his. Moreover, the distinctive silence, click, and pause indicates that no human being was on the line until plaintiff answered the telephone, upon which time the autodialer connected Plaintiff to the caller.

34. Plaintiff had contacted Defendants through counsel for ADT and Safe Streets and requested to be placed on Defendants' Do-Not-Call List and receive a copy of Defendants' Do-Not-Call policy, but never received anything, up to and including the date of this filing.

35. Because Plaintiff asked to receive Defendants' Do-Not-Call policy and did not, it is evident that Defendants do not maintain such a policy. Likewise, based on this fact, and the fact that Defendants have no clue who they are calling and use trickery and confusion to make a sales pitch, it is clear that Defendants do not have any Do-Not-Call lists or procedures in place. Based on the nature of their illegal activities, Defendants' noncompliance with the law in this regard is unsurprising.

36. Plaintiff received the calls on his private telephone, which is a telephone for which he is charged for the calls, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

37. The TCPA makes it unlawful "to make any call (other than a call made for

emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a… telephone service… or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii). As stated immediately above, the calls were placed using an automatic telephone dialing system to Plaintiff's private telephone line, on which he is charged for the call.

38. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

39. The TCPA provides a private cause of action to persons who receive calls in violation of any of the implementing regulations codified in 47 CFR 64.1200. *See* 47 U.S.C. § 227(c)(5).

40. Plaintiff was harmed by the calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up, he was charged for the calls, he wasted energy and stress in answering a call, his telephone electricity and network bandwidth were depleted, and his privacy was improperly invaded. Moreover, the calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

41. Plaintiff adequately confirmed corporate identity for each and every call so as to establish liability of Defendants, as more fully outlined above.

42. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

43. Plaintiff did not provide any one, more, or all Defendants, nor any agent of

Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" or otherwise to transmit a message or make calls.

44. As a point of fact, to the extent that "consent" was supplied during the calls, that was done in order to discover the identity of the caller and for no other reason. Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call.... As the FCC has stated, the consent must be made before the call."

45. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

46. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(1), and 47 C.F.R. 64.1200(c)(2).

## IV.   Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

47. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

48. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

50. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

51. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

52. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

53. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

54. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

55. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

56. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

57. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

58.  Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fifth Cause of Action
(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

59. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

60. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

### Sixth Cause of Action
(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

61. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

62. As a result of Defendants' and Defendants' agents knowing and/or willful violations

of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

63. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

64. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

65. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

66. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### V.    Prayer for Relief

On Causes of Action 1-8:

1. For awards of $500 for each negligent violation as set forth in actions 1-8;

2. For awards of $1,500 for each knowing/willful violation as set forth in actions 1-8.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing; Total statutory damages: : **$18,000** (Three counts each of: sales call, ATDS call, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, at $500 per count of each, with treble damages for each.)

4. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

5. Prejudgment interest at the maximum legal rate;

6. Costs of suit herein incurred; and

7. All such other and further relief as the Court deems proper.

## VI.     Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: **November 1, 2019**

/s/
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com